IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
DEC 15 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY CLERK

| | |
|---|---|
| JOSEPH OLIVARES, § | |
| § | |
| Plaintiff § | |
| § | |
| V. § | C.A. NO. W-08-CV-189 |
| § | |
| HYMMEN-HACKERMACK GmbH, § | |
| § | |
| Defendant § | |

### DEFENDANT'S FIRST AMENDED ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW "HYMMEN-HACKERMACK GmbH," the Defendant herein, and respectfully files and submits this its First Amended Answer to "Plaintiff's Original Petition" (so styled in State Court), as follows:

### I.

### MOTION TO DISMISS – PERSONAL JURISDICTION

Pursuant to the terms and provisions of Rule 12(b)(2), Federal Rules of Civil Procedure, Defendant "HYMMEN-HACKERMACK GmbH" moves to dismiss this lawsuit in its entirety, and in support thereof would respectfully show that the Court lacks jurisdiction over the "*person*" of this corporate Defendant.

1

## II.

## **MOTION TO DISMISS – IMPROPER SERVICE**

Pursuant to the terms and provisions of Rules 12(b)(4) and (5), Federal Rules of Civil Procedure, Defendant "HYMMEN-HACKERMACK GmbH" moves to dismiss this lawsuit in its entirety, or for abatement, and in support thereof would respectfully show that Plaintiff's attempts at service of process upon this Defendant failed in all respects to comply with the procedural and substantive mandates of the Hague Convention on Service Abroad of Documents in Civil Matters, Nov. 15, 1965, Art. 1, 20 U.S.T. 361.

## III.

## **ORIGINAL ANSWER SUBJECT TO MOTIONS TO DISMISS**

### A.

## **SPECIFIC DENIALS**

Defendant "HYMMEN-HACKERMACK GmbH" responds to the allegations set forth in "Plaintiff's Original Petition" as follows:

1) The allegations set forth in Paragraph "1" of "Plaintiff's Original Petition" do not require a response in this forum;

2) The Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph "2" of "Plaintiff's Original Petition";

3) The Defendant admits that it is a non-resident (foreign) corporation that does not maintain a Registered Agent in the State of Texas. The Defendant denies, however, that service of process upon this Defendant may properly be perfected under the

provisions of the Texas Business Corporations Act and/or the Texas Business Organizations Code, and therefore denies the rest and remainder of the allegations set forth in Paragraph "3" of "Plaintiff's Original Petition";

4) The Defendant admits the truth of the allegation set forth in Paragraph "4" of "Plaintiff's Original Petition";

5) The Defendant denies the truth of the allegations set forth in Paragraph "5" of "Plaintiff's Original Petition";

6) The Defendant denies the truth of the allegation set forth in Paragraph "6" of "Plaintiff's Original Petition";

7) The Defendant denies the truth of the allegation set forth in Paragraph "7" of "Plaintiff's Original Petition";

8) The Defendant admits that "*all or a substantial part of the events or omissions giving rise to this lawsuit*" occurred in Bell County, Texas, but denies the rest and remainder of the allegations set forth in Paragraph "8" of "Plaintiff's Original Petition";

9) The Defendant denies the truth of the allegations set forth in Paragraph "9" of "Plaintiff's Original Petition";

10) The Defendant admits the truth of the allegations set forth in Paragraph "10" of "Plaintiff's Original Petition";

11) The Defendant denies the truth of the allegations set forth in Paragraph "11" of "Plaintiff's Original Petition";

12) The Defendant denies the truth of the allegations set forth in Paragraph "12" of "Plaintiff's Original Petition";

13) The Defendant denies the truth of the allegations set forth in Paragraph "13" of "Plaintiff's Original Petition";

14) The allegations set forth in Paragraph "14" of "Plaintiff's Original Petition" do not require a response from the Defendant;

15) The Defendant denies the truth of the allegations set forth in Paragraph "15" of "Plaintiff's Original Petition."

**B.**

**AFFIRMATIVE DEFENSES**

1. Pleading further, but still <u>subject to</u> the "Motion(s) to Dismiss" set forth above, Defendant "HYMMEN-HACKERMACK GmbH" would respectfully show the Court and jury that Plaintiff JOSEPH OLIVARES ***"assumed the risk"*** that he would sustain injuries while using the machine made the subject of this lawsuit in the manner that he did, and that the Plaintiff was guilty of acts and/or omissions constituting ***"contributory negligence."***

2. Pleading further, but still <u>subject to</u> the "Motion(s) to Dismiss" set forth above, Defendant "HYMMEN-HACKERMACK GmbH" would respectfully show the Court and jury that Plaintiff JOSEPH OLIVARES was injured as a direct and proximate result of negligent acts and/or omissions attributable to ***"fellow servants."*** Specifically, although not exclusively, the Defendant would respectfully show that:

   a. Both Plaintiff JOSEPH OLIVARES and Doug Burnett (Plaintiff's supervisor at his place of employment) were, at the time of the accident made the subject of this lawsuit, employed by *"Responsible Third Party"* E.R. Carpenter, L.P.;

4

  b. Doug Burnett, acting at all times in the course and scope of his employment as a supervisor with E.R. Carpenter, L.P., wrongfully and negligently instructed the Plaintiff to use an unapproved, on-site-fabricated "rod hanger" to clean glue off of the Defendant's machine;

  c. Use of the "rod hanger" to clean glue off of the Defendant's machine was a blatant *"misuse"* of said laminating machine, undertaken in knowing disregard of instructions expressly provided by the Defendant to the end users of the machine;

  3. Pleading further, but still <u>*subject to*</u> the "Motion(s) to Dismiss" set forth above, Defendant "HYMMEN-HACKERMACK GmbH" would respectfully show the Court and jury that the product whose integrity is called into question in this lawsuit had been "***altered***" or "***modified***" in a manner inconsistent with it safe operation *after* such product left the hands of the Defendant and was placed into the stream of commerce, by persons for whom this Defendant is not legally responsible.

  4. Pleading further, but still <u>*subject to*</u> the "Motion(s) to Dismiss" set forth above, Defendant "HYMMEN-HACKERMACK GmbH" would respectfully show the Court and jury that the design, manufacture, and marketing of the product whose integrity is called into question in this lawsuit complied in all respects with safety standards and/or regulations adopted and promulgated by the Federal government, or an agency of the Federal government, that were applicable to the product at the time of its manufacture.

5.      Pleading further, but still *subject to* the "Motion(s) to Dismiss" set forth above, Defendant "HYMMEN-HACKERMACK GmbH" would respectfully show the Court and jury that Plaintiff JOSEPH OLIVARES has failed and refused to mitigate his damages, as required by law.

6.      Pleading further, but still *subject to* the "Motion(s) to Dismiss" set forth above, Defendant "HYMMEN-HACKERMACK GmbH" respectfully invokes the protections afforded by Chapter 41 of the Texas Civil Practice & Remedies Code, and would further show that the imposition of exemplary or punitive damages in this case would violate the "Due Process" and "Equal Protection" clauses of the Texas and United States Constitutions.

## IV.

## JURY DEMAND

Pleading further, but still *subject to* the "Motion(s) to Dismiss" set forth above, Defendant "HYMMEN-HACKERMACK GmbH" respectfully asserts its right to have this matter heard, considered, and decided by a jury of its peers, and has previously tendered to the Clerk the required jury fee.

## V.

## PRAYER

WHEREFORE, Defendant "HYMMEN-HACKERMACK GmbH" respectfully prays that the Court dismiss this cause for want of jurisdiction over the "person" of the Defendant, and/or as a consequence of the Plaintiff's failure to perform all acts prerequisite to the exercise of such jurisdiction over the Defendant in accordance with the Hague Convention; that Plaintiff JOSEPH OLIVARES take nothing by this suit against this Defendant; and that this Defendant recover all Court costs and attorney's fees, and be permitted to go hence with its costs and without day.

Respectfully submitted,

THE BROPHY LAW FIRM, P.C.

*Michael V. Brophy*

MICHAEL V. BROPHY
State Bar I.D. No.: 03082680
14100 Southwest Freeway, Ste. 220
Sugar Land, TX   77478
(281)-277-4141
(281)-277-4111   FAX

ATTORNEY FOR DEFENDANT
"HYMMEN-HACKERMACK GmbH"

## CERTIFICATE OF SERVICE

The undersigned attorney, as attorney of record for the Defendant, certifies that a true and correct copy of the above and foregoing pleading has been served upon counsel of record for the Plaintiff by the method of service indicated on this *10th* day of December, 2008:

**VIA ELECTRONIC MAIL and**
**CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**:

Mr. Jerry Scarbrough                            (CMRRR # 7003 1010 0002 3328 8954)
P.O. Box 690866
Killeen, TX   76549-0866

*Michael V. Brophy*
Michael V. Brophy

7